IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. HERRON, #203437, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0357-N |
| | ) | ECF |
| LEW STERRETT JUSTICE CENTER, | ) | |
| et al., | ) | Referred to Magistrate Judge |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Gurney Unit of the Texas Department of Criminal Justice, Correctional Institutions Division in Tennessee Colony, Texas. Defendants are the Lew Sterrett Justice Center, the Dallas County Sheriff's Department, and Dallas Police Officers Browder and Brinlee. The Court has not issued process in this case, pending preliminary screening. On April 13, 2007, the Court issued a questionnaire to Plaintiff, who filed his answers thereto on May 1, 2007.

Statement of the Case: Plaintiff alleges that on January 26, 2005, Officers Browder and Brinlee arrested him for possession of a controlled substance based on a "tainted field test." Plaintiff explains that the officers refused to believe that the substance was for his toothache, and

claims the officers falsified official police documents while conducting the tainted field test. (Complaint at 4 and Suppl. Doc. at 1).

Plaintiff was booked into the Dallas County Jail and was charged and arraigned for possession of a controlled substance in Cause Number F05-48732. (Complaint at 4 and Suppl. Doc. at 2). A test of the substance at the Southwestern Institute of Forensic Sciences subsequently revealed that the powder was not a controlled substance. (*Id.*). On March 2, 2005, a grand jury in Dallas "no billed" Plaintiff's case due to lack of evidence. (*Id.*). Nevertheless, he remained incarcerated for an additional thirty-one days due to a computer glitch. Plaintiff requests monetary relief for being illegally charged with a felony and for his unjustified imprisonment for thirty one days following the dismissal of his criminal case.

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."

2

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989).

The lengthy delay between the date of Plaintiff's arrest on January 26, 2005, and the date of filing of Plaintiff's complaint in this Court on February 23, 2007, prompts consideration of the timeliness of Plaintiff's false arrest claim. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B)); *see also Gonzales v. Wyatt*, 157 F.3d 1016, 1019-1020 (5th Cir. 1998) (same). In Texas, § 1983 actions are governed by the two-year personal injury limitation period. *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S.Ct. 573 (1989); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2007).[1]

In *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091 (2007), the Supreme Court recently concluded that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter . . ." and that it would "refer to the two torts together as false imprisonment." *Id.* at 1095. The Court then held that "[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process,*" and that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Id.* at 1095-96. "Reflective of the fact that false imprisonment consists of detention without legal process, false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example,

---

[1] Plaintiff's complaint is deemed filed as of February 14, 2007, the date he signed the same and presumably handed it to prison officials for mailing. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (relying on *Houston v. Lack*, 487 U.S. 266 (1988), to hold that a *pro se* prisoner litigant's section 1983 complaint is filed as soon as the pleading is deposited into the prison mail system).

3

he is bound over by a magistrate or arraigned on charges." *Id.* at 1096.

Applying the above holding to this case, it is clear that the statute of limitations began to run on Plaintiff's false imprisonment claim either when he appeared before a State magistrate following his arrest, or when he was indicted in No. F06-63542. The Judicial Information for No. F06-63542 reflects that Plaintiff appeared before a magistrate on January 26, 2005, the same date on which No. F06-63542 was filed. (*See* Attachment I). Therefore, his complaint deemed filed on February 14, 2007, is time barred and should be dismissed with prejudice as frivolous.

Even if not time barred, Plaintiff's false arrest claim fails to raise a constitutional violation under the Fourth Amendment. To establish a claim under the Fourth Amendment for false arrest, a plaintiff must demonstrate that the defendant lacked probable cause to arrest. *Brown v. Lyford,* 243 F.3d 185, 189 (5th Cir. 2001); *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001). The existence of probable cause negates a false arrest or a state law malicious prosecution claim. *See Baker v. McCollan*, 443 U.S. 137, 145, 99 S. Ct. 2689, 2694-95 (1979); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995); *see also Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091, 1095 (2007) ("[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*").

The probable cause inquiry is an objective one. "Probable cause exists when the facts and circumstances within the arresting officer's personal knowledge, or of which he has reasonably trustworthy information, are sufficient to occasion a person of reasonable prudence to believe an offense has been committed." *Evett v. DETNTFF*, 330 F.3d 681, 688 (5th Cir. 2003) (quoting *Bigford v. Taylor,* 834 F.2d 1213, 1218 (5th Cir. 1988)). Probable cause is analyzed under the totality of the circumstances, and the officer's belief need not be correct nor more likely true than

false. *Branch v. City of Dallas*, 1995 WL 581999, *1 (5th Cir. 1995) (unpublished). "A showing of probable cause requires much less evidence than does a finding sufficient to convict." *Bigford*, 834 F.2d at 1218. "Moreover, probable cause is to be determined on the basis of the facts available to the officers at the time, without reference to whether the evidence ultimately proved to be reliable." *Id.*

In this case, probable cause was based on the field drug test which indicated that the powder was a controlled substance. *See Pennigton v. Hobson*, 719 F.Supp 760, 767-69 (S.D. Ind. 1989) (use of drug identification field test as basis of probable cause violated no constitutional rights). Even though the Southwestern Institute of Forensic Sciences subsequently found the powder negative for a controlled substance, this does not negate the existence of probable at the time of Plaintiff's arrest. *See Anderson v. Creighton*, 483 U.S. 635, 663-664, 107 S.Ct. 3034, 3052 (1987) ("Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved"); *Bigford*, 834 F.2d at 1218 (courts "are not authorized to second-guess the conduct of the police with the benefit of our knowledge, gained from later developments, that the evidence eventually turned out to be unfounded or proved insufficient to show commission of a crime."); *Hines v. Port Authority of New York and New Jersey*, 2000 WL 420555, *4-5 (S.D. NY, 2000) (field tests showing the white powdery substance tested positive for heroin were sufficient to establish probable cause, although laboratory eventually found substance negative for cocaine); *Pennington*, 719 F.Supp. at 767-69 (probable cause to arrest existed where field test indicated powder was cocaine even though subsequent laboratory test identified powder as aspirin and record contains no evidence defendants were disingenuous in performing field test).

Because Defendants Browder and Brinlee had probable cause to arrest Plaintiff for possession of a controlled substance, his false arrest claim lacks an arguable basis in law.

Plaintiff's second claim against the Dallas County Sheriff's Department and the Lew Sterrett Justice Center, for confining him for thirty-one days beyond the dismissal of Cause No. F05-48732, also lacks an arguable basis in law. Unauthorized confinement for thirty-one days does not raise a harm of a constitutional magnitude. *Compare Calhoun v. New York State Div. of Parole*, 999 F.2d 647, 654 (2d Cir. 1993) (unauthorized addition of five days to inmate's sentence did not inflict "a harm of magnitude that violates a person's eighth amendment rights"); *with Sample v. Diecks*, 885 F.2d 1099, 1108-1112 (3d Cir. 1989) (Eighth Amendment violation occurred where inmate was incarcerated nine months after expiration of his sentence).

Moreover, it appears that the unauthorized, thirty-one-day detention was due to a new computer system at the Dallas County Sheriff Department, which would raise at the most a negligence claim. It is well established, however, that negligent conduct is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662 (1986); *see also Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995). As noted in *Sample*, 885 F.2d at 1108, "[u]nforeseeable accidents or inadvertent mistakes may occur during imprisonment, resulting in harms to inmates. Such accidents or mistakes are a necessary cost of any prison system" and do not violate the Eighth Amendment.

The Court further notes that Plaintiff has not alleged a sufficient physical injury to sustain a claim for damages under 42 U.S.C. § 1997e(e). *See Harper v. Showers*, 174 F.3d 716, 719 n. 5

(5th Cir. 1999).[2] The only injury which Plaintiff could have suffered as a result of being detained for thirty-one days beyond the dismissal of his charge was mental pain and suffering.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) (i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 2nd day of July, 2007.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2] Section 1997e(e) states: "No federal civil action may be brought by a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §§ 1997e(e).

7

**ATTACHMENT  I**

This is your document, please print for your records.

To view additional information use the page up or page down key where applicable.



DA CASE ID F-0548732          JUDCL CASE ID

A010 DEF NAME HERRON          C010 DEF NAME

J U D I C I A L   I N F O R M A T I O N

A010-020-030-040                              FILE DATE 012605

DEF NAME HERRON_CHRISTOPHER_SHAUN_____   RACE B SEX M DOB 01141968  AGE  39

DEF ADR1 HOMELESS_____   AC ___ PH _____  SS **********************

DEF CITY DALLAS_____   ST TX  ZIP 75231  DLNUM ************** DLST __

OFF POSS_CS_4G_____   DT 012505 TYP/CL F 2 GOC/CAT _ _ CODE DR000000

COMT _____  SID NUM 04124978 OF AMT _____

COMPLAINANT _____   TAPE # _____ ARREST DATE 012605

JUV STAT N  REPEAT OFFENDER N  CAREER OFFENDER N  ORIG-LOC DSO____  CURR-LOC O

FILING AGENCY TXDPD0000   SER/CAS NO _____067163P   ARREST NUM _____05004581

LAI NUM _____566985   AIS/DSO NO _____566985_   BOOKIN NUM _____05007103

JP FILE DATE 000000   JP CASE ID _____   JP COURT ID __ FED _ EVH _ AFF _

MAGISTRATE DATE 012605    MAGIS COURT 92     MAGIS JUDGE CAMPOS___   BOUND OVER _

EXAM TRIAL DATE 000000    EXAM  COURT __     EXAM  JUDGE _____   IND METH IND

GJ/H/R DT 030205 R GJ# _____ GJ/W/FILE 030205 GJ DS N DA DSP A ACC Y REAS _

Case 3:07-cv-00357-N Document 12 Filed 07/02/07 Page 10 of 10 PageID 52

```
DA DISPOS    DATE 9-13-05   MISDEMEANOR REDUCTION N   SENTENCE PROBATED N

JUDCL CASE ID _____    GJ CT __   PROS STAT _ ___   PROS NAME _____

COURT ASSIGNED TO FU    DATE ASSIGNED 012605    ASSIGNED BY O    REASON B

PRECEEDING DA CASE ID _____       SUCCEEDING DA CASE ID _____

TRN 9077707611    TRS A001         WARRANT STATUS _  STATE OFF CD 35990016__
```
Wed Jun 27 12:17:13 CDT 2007